IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

In re:
PERRY UNIONTOWN VENTURES I, LLC,   Case No. 10-00276-MAM

    *Debtor*.   Chapter 11


ETHEL L. ABRAHAMS, et al.,   Adv. Proc. No. 10-00075

    *Plaintiffs*,

v.

PHILL-CON SERVICES, LLC, and
PHILLIPS & JORDAN, INCORPORATED,

    *Defendants*.


**ORDER GRANTING DEFENDANT'S MOTION TO
DEFER RULING PENDING ACTION BY DISTRICT COURT
AND DENYING PLAINTIFFS' MOTION TO STRIKE**

This matter is before the Court on Phill-Con Services, LLC ("Phill-Con") and Phillips & Jordan, Inc.'s (P&J) Motion to Defer Ruling on the Platiniffs' Motion for Remand and Abstention and the Plaintiffs' Motion to Strike. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a "related to" proceeding pursuant to 28 U.S.C. §1334(b), and the Court has authority to enter this order in the adversary proceeding. For the following reasons, the Motion to Defer Ruling is due to be GRANTED and the Motion to Strike is due to be DENIED.

1

## FACTS

Debtor Perry Uniontown Ventures I, LLC ("PUV"), owns the Arrowhead Landfill in Perry County, Alabama, which is its primary asset. Debtor Perry County Associates, LLC ("PCA") owns Alabama Department of Environmental Management ("ADEM") Solid Waste Disposal Permit No. 53-03 which authorizes the operation of the Landfill facility. The ADEM permit is PCA's only asset. Debtors filed their voluntary chapter 11 petitions on January 26, 2010, and their cases are jointly administered.

Phill-Con, a defendant in the present adversary proceeding, operates the Landfill. Defendant P&J is a contractor for construction at the Landfill and operates the Landfill in conjunction with Phill-Con. After a fly ash spill at the Kingston Fossil Plant in Kingston, Tennessee in late 2008, P&J contracted with the Tennessee Valley Authority ("TVA") for the disposal of large quantities of fly ash at the Landfill beginning in July 2009. In Perry Uniontown Ventures, LLC's summary of schedules it stated that accounts receivable for the disposal of the TVA fly ash were $11,027,819.00. All other accounts receivable totaled $142,733.37.

On June 21, 2010, the Plaintiffs filed their state court complaint in Perry County Circuit Court against Phill-Con and P&J alleging negligence, wantonness, nuisance, and trespass arising from the construction and operation of the Landfill (Case No. CV-2010-24). In their complaint, Plaintiffs request a judgment for damages as well as injunctive relief that would enjoin the Defendants from recirculating leachate or using coal ash for daily cover, require the Defendants to place a permanent cover on all side slopes and waste cells, enjoin the operation of the Landfill in a manner that allows odor to leave the site, enjoin the operation of heavy machinery at the waste cells or operating the rail yard prior to 7:00 am or after 7:00 pm, require Defendants to

2

pave their roads and institute a truck cleaning program, would prohibit the Defendants from causing waste piles to rise above waste cells, and waste cells would be prohibited from rising more than fifty feet about the elevation of the surrounding area. On June 25, 2010, the Plaintiffs also filed a complaint in the United States District Court for the Southern District of Alabama (2:10-cv-00326-WS-N) alleging violations of federal law. The Plaintiffs have demanded jury trials in both the state and federal court suits.

On July 20, 2010, Defendants Phill-Con and P&J removed the state court action to the Bankruptcy Court pursuant to 28 U.S.C. §§ 1334(a) and 157(a). On July 29, 2010 Phill-Con filed a Motion to Refer the district court litigation (2:10-CV-00326) to the bankruptcy court in order to consolidate the federal action with the removed state court action that is presently pending.

On August 20, 2010, the Plaintiffs filed a Motion to Withdraw Reference pursuant to 28 U.S.C. § 157 in the event that the District Court decides to refer the federal action (2:10-CV-00326) to the Bankruptcy Court. On August 31, 2010, Phill-Con filed a Motion to Withdraw Reference in this adversary proceeding (10-00075). The Motions to Withdraw Reference are currently pending before Judge Steele in the District Court. This Court held a hearing on pending matters in the present adversary proceeding on the September 14, 2010, and took this matter under advisement.

## LAW

A. Jurisdiction

The Plaintiffs argue that the state action and federal action are not core proceedings and are not related to the bankruptcy cases of PCA and PUV. The Defendants argue that the Court has "related to" jurisdiction. Core proceedings are defined in 28 U.S.C. § 157(b)(1) as

3

"proceedings arising under title 11, or arising in a case under title 11." Core proceedings include, but are not limited to, cases involving a substantive right under the Bankruptcy Code or involving an administrative-type matter in a bankruptcy. 28 U.S.C. § 157. Because the Debtors are not Defendants in the suits, the state and federal actions are not core proceedings.

Non-core proceedings include the broader scope of all proceedings that are "related to" a bankruptcy case. "Related to" jurisdiction is proper "where the outcome of [a] proceeding could conceivably have an effect on the estate being administered in bankruptcy." *Miller v. Kemira, Inc.* (*In re Lemco Gypsum, Inc.*), 910 F.2d 784, 788 (11th Cir. 1990) (quoting, and adopting, the test articulated in *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984)). "The proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Id*.

The Court concludes that it has, at a minimum, "related to" jurisdiction over these actions. If the Plaintiffs are successful on their claims, the operations of the Landfill may be curtailed, the type of waste put in the landfill might by restricted, and/or the size of the landfill might be lessened. All of these actions would lower the value of the license and the land of the Debtors. PCA and PUV's plans of reorganization must show the feasibility of the Debtors' future operations. These suits directly impact the Debtors' viability. Therefore, the suits' outcome "could conceivably have an effect" on the PCA and PUV cases.

B. Motion to Defer Ruling

Pending before the District Court are a Motion to Refer the federal action to the Bankruptcy Court and two Motions to Withdraw Reference (in the state action and federal

action) that will determine where the state and federal actions will be litigated. Any ruling by this Court on abstention or remand might moot any ruling on the pending District Court Issues. Judge Steele may decide that withdrawal of the reference in this adversary proceeding is appropriate. Therefore, it is premature for this Court to make any determination as to remand and abstention. The District Court should have an opportunity to rule on the motions before it as its decision will determine the direction of remaining litigation in this case. For these reasons the Defendants' Motion to Defer Ruling Pending Action by the District Court is due to be GRANTED.

C. Motion to Strike

Plaintiffs submitted a Motion to Strike Exhibits on September 20, 2010, objecting to exhibits attached to Defendants' Motion for Remand or Abstention and Response to the Court's Show Cause Order. Specifically, Plaintiffs object to the admission of these exhibits on the ground that they support a "false assertion" by the Defendant that Plaintiffs "'began a new focus' on P&J and Phill-Con with an intent 'to circumvent the Debtors' Bankruptcy Case.'" Motions to strike serve to "clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *McInerney v. Moyer Lumber & Hardward, Inc.*, 244 F.Supp.2d 393, 402 (E.D. Pa. 2002). Motions to strike are generally disfavored and ordinarily denied "unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Id*. The Court concludes that it is appropriate to deny the Motion to Strike. The exhibits in question were attached to a response and include notices of intent to sue sent to various government bodies as well as requests to the Environment Protection Agency/ADEM, and two news articles. In the present case these attachments need not be removed from the litigation at hand. Therefore Plaintiffs' Motion to Strike is due to be DENIED.

5

It is so ORDERED:

(1) The Defendants' Motion to Defer Ruling Pending Action by the District Court is GRANTED;

(2) The Plaintiffs' Motion to Strike is DENIED;

(3) Plaintiffs' Motion for Remand and Abstention is continued to a date after the District Court has had an opportunity to rule on matters pending before it.


Dated: September 24, 2010

/s/ Margaret A. Mahoney
MARGARET A. MAHONEY
CHIEF U.S. BANKRUPTCY JUDGE