IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

In re:
PERRY UNIONTOWN VENTURES I, LLC,          Case No. 10-00276-MAM
  *Debtor*.                                Chapter 11

ETHEL L. ABRAHAMS, et al.,                Adv. Proc. No. 10-00075
  *Plaintiffs*,
v.

PHILL-CON SERVICES, LLC, and
PHILLIPS & JORDAN, INCORPORATED,
  *Defendants*.

**ORDER DENYING PLAINTIFFS' MOTION FOR REMAND AND/OR ABSTENTION**

  This matter is before the Court on the Plaintiffs' Motion for Remand and/or Abstention.

The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334

and the Order of Reference of the District Court. This is a "related to" proceeding pursuant to 28

U.S.C. § 1334(b), and the Court has authority to enter this order in the adversary proceeding.

For the following reasons, the Motion for Remand and/or Abstention is due to be DENIED

without prejudice.

FACTS

  Debtor Perry Uniontown Ventures I, LLC ("PUV"), owns the Arrowhead Landfill in

Perry County, Alabama, which is its primary asset. Debtor Perry County Associates, LLC

("PCA") owns Alabama Department of Environmental Management ("ADEM") Solid Waste

Disposal Permit No. 53-03 which authorizes the operation of the Landfill facility. The ADEM

permit is PCA's only asset. Debtors filed their voluntary chapter 11 petitions on January 26,

2010, and their cases are jointly administered.

  Phill-Con, a defendant in the present adversary proceeding, operates the Landfill.

Defendant P&J is a contractor for construction at the Landfill and operates the Landfill in

1

conjunction with Phill-Con.  After a fly ash spill at the Kingston Fossil Plant in Kingston, Tennessee in late 2008, P&J contracted with the Tennessee Valley Authority ("TVA") for the disposal of large quantities of fly ash at the Landfill beginning in July 2009.  In Perry Uniontown Ventures, LLC's summary of schedules it stated that accounts receivable for the disposal of the TVA fly ash were $11,027,819.00.  All other accounts receivable totaled $142,733.37.

On June 21, 2010, the Plaintiffs filed their state court complaint in Perry County Circuit Court against Phill-Con and P&J alleging negligence, wantonness, nuisance, and trespass arising from the construction and operation of the Landfill (Case No. CV-2010-24).  In their complaint, Plaintiffs request a judgment for damages as well as injunctive relief that would enjoin the Defendants from recirculating leachate or using coal ash for daily cover, require the Defendants to place a permanent cover on all side slopes and waste cells, enjoin the operation of the Landfill in a manner that allows odor to leave the site, enjoin the operation of heavy machinery at the waste cells or operating the rail yard prior to 7:00 am or after 7:00 pm, require Defendants to pave their roads and institute a truck cleaning program, would prohibit the Defendants from causing waste piles to rise above waste cells, and waste cells would be prohibited from rising more than fifty feet about the elevation of the surrounding area.  On June 25, 2010, the Plaintiffs also filed a complaint in the United States District Court for the Southern District of Alabama (2:10-cv-00326-WS-N) alleging violations of the Clean Air Act and the Solid Waste Disposal Act.  The Plaintiffs have demanded jury trials in both the state and federal court suits.

On July 20, 2010, Defendants Phill-Con and P&J removed the state court action to the Bankruptcy Court pursuant to 28 U.S.C. §§ 1334(a) and 157(a).  On July 29, 2010 Phill-Con filed a Motion to Refer the district court litigation (2:10-CV-00326) to the bankruptcy court in order to consolidate the federal action with the removed state court action.  On August 20, 2010,

the Plaintiffs filed a Motion to Withdraw Reference pursuant to 28 U.S.C. § 157 in the event that the District Court decided to refer the federal action (2:10-CV-00326) to the Bankruptcy Court. On August 31, 2010, Phill-Con filed a Motion to Withdraw Reference in this adversary proceeding (10-00075).

On November 23, 2010, the District Court issued an order granting Phill-Con's motion to refer the district court action to the Bankruptcy Court, denying the Plaintiffs' motion to withdraw the reference, and denying Phill-Con's motion to withdraw the reference as moot. The Court held a status hearing on this case on December 14, 2010. On December 15, 2010, this Court entered an Order Confirming the Debtors' Plan of Reorganization.

LAW

I. Jurisdiction

The Plaintiffs argue that the bankruptcy court must analyze each removed claim separately and remand any claims that are not core or "related to" the bankruptcy case to the state court. The Plaintiffs argue that remand of counts I through VIII is appropriate because they only seek monetary damages from third-party non-debtors. Plaintiffs also argue that counts IX through XII should be remanded because those counts are only remotely related to the bankruptcy case, if at all.

28 U.S.C. § 157 provides that bankruptcy courts have subject matter jurisdiction over all cases arising under title 11, core proceedings, and cases "related to" a case under title 11. This Court has previously ruled that it has, at a minimum, "related to" jurisdiction over this case because the lawsuits by their design could "conceivably have an effect" on the debtor entities. *Miller v. Kemira, Inc.* (*In re Lemco Gypsum, Inc.*), 910 F.2d 784, 788 (11th Cir. 1990) (quoting, and adopting, the test articulated in *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984)).

3

The District Court concurred that this Court has "related to" jurisdiction over the removed state action and the federal action in its Order dated November 23, 2010. Therefore it is proper for this Court to exercise its "related to" jurisdiction over these proceedings.

II. Abstention and Remand

*A. Mandatory Abstention*

28 U.S.C. § 1334(c)(2) states:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can by timely adjudicated, in a State forum of appropriate jurisdiction.

A bankruptcy court must abstain from hearing state law claims where (1) there is no independent basis for federal jurisdiction over a claim apart from the debtor's bankruptcy filing, (2) the claim is a non-core proceeding, (3) the action was commenced in state court, and (4) the claim can be timely adjudicated in state court. *In re United Container*, *LLC*, 284 B.R. 162 (Bankr. S.D. Fla. 2002). In present case, mandatory abstention is not necessary under these factors on the basis of timely adjudication prong.

The issue of "timely adjudication" depends on whether allowing an action to proceed in state court will have any unfavorable effect on the administration of the bankruptcy case. *United Container*, 284 B.R. at 174 (*citing In re Midgard Corp*., 204 B.R. 764, 778 (B.A.P. 10th Cir. 1997)). Evaluating whether there is an unfavorable effect on the bankruptcy case requires a consideration of: (1) any backlog on the state and federal court calendar, (2) the status of the proceeding in state court prior to being removed, including whether discovery had been commenced, (3) the status of the bankruptcy case, (4) the complexity of the issues to be

4

resolved, (5) whether the parties consent to the bankruptcy court entering judgment in the non-core case, (6) whether a jury demand has been made, and (7) whether the underlying bankruptcy case is a reorganization or a liquidation case. *Id*.

In weighing these factors, the Court is unfamiliar with any serious backlog on the federal court calendar. It does not appear than any substantial discovery had begun in the state court action prior to removal. The status of the underlying bankruptcy case is that the Debtors confirmed their plan of reorganization on December 15, 2010, but it remains to be seen whether that plan will be fully funded. It is clear that the landfill at issue in the state and federal court cases is the primary income generating asset through which the plan must be successful or not. Given these factors and the weight the Court gives to protecting PUV's bankruptcy plan, there is an unfavorable effect on the bankruptcy case that prohibits mandatory abstention at this time.

A jury demand has been made in both the state and federal actions. It may be appropriate for the Court to consider abstention at a later time, particularly once concerns regarding the bankruptcy estate have been alleviated. But, as of right now, the "unfavorable effect" factors do not indicate that mandatory abstention is required.

*B. Permissive Abstention*

28 U.S.C. § 1334(c)(1) states: "Nothing in this section prevents a district court in the interest of justice, or in the interest of justice, or in the interest of comity with State court or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." Courts have developed a set of considerations for determining whether permissive abstention is warranted, including:

1. The effect, or lack thereof, on the efficient administration of the bankruptcy estate if discretionary abstention is exercised;

2. The extent to which state law issues predominate over bankruptcy issues;
3. The difficulty or unsettled nature of the applicable state law;
4. The presence of related proceedings commenced in state court or other nonbankruptcy courts;
5. The jurisdictional basis, if any, other than § 1334;
6. The degree of relatedness or remoteness of the proceedings in the main bankruptcy case;
7. The substance rather than the form of an asserted 'core' proceeding;
8. The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
9. The burden on the bankruptcy court's docket;
10. The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
11. The existence of a right to jury trial; and
12. The presence in the proceeding of non-debtor parties.

*Retirement Systems of Alabama v. Merrill Lynch & Co, et. al.*, 209 F. Supp. 2d 1257, 1267-68

(M.D. Ala. 2002). *See also In re Republic Reader's Service, Inc.*, 81 B.R. 422 (Bankr. S.D. Tex.

1987).

Weighing these factors, it is evident that the Court should not permissively abstain at this time. The Court's primary concern is the viability of the bankruptcy estate. Both the state action and federal action present similar claims that will likely require extensive and costly discovery. Conducting discovery in two cases at once may cause financial issues for the plan, especially in the infancy of the Debtors' reorganization. Further, permitting parallel litigation in the federal and state courts could result in inconsistent outcomes and the cost to the Defendants of defending two lawsuits could conceivably threaten the viability of the bankruptcy estate. Although abstention may be appropriate in the future, the Court must exercise its authority to decline to abstain at this time. There is little or no adverse impact on the Plaintiffs because discovery in the federal forum will advance the state action as well.

C. Remand

6

28 U.S.C. § 1452(b) states that a court may remand removed claims or causes of action on equitable grounds. The equitable grounds that are to be weighed in relation to § 1452(b) are very similar to the grounds for permissive abstention. *In re United Container, LLC*, 284 B.R. 162, 176 (Bankr. S.D. Fla. 2002) (*citing Thomas v. R.J. Reynolds Tobacco Co.*, 259 B.R. 571, 578 (S.D. Miss. 2001)). Given the Court's analysis of the permissive abstention factors, there are not equitable grounds at this time to remand the state court action.

Abstention or remand could have an adverse impact on the bankruptcy estate such that it would be inappropriate for this Court to abstain from or remand the state court action at this time. Therefore, the Plaintiffs' Motion to Remand and/or Abstain is due to be DENIED without prejudice.

Dated:    December 27, 2010

_Margaret A. Mahoney_
MARGARET A. MAHONEY
CHIEF U.S. BANKRUPTCY JUDGE